**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION AT MEMPHIS, TENNESSEE**

LATASHA MCLAUGHLIN,

   Plaintiff,

                                         No.

MILWAUKEE ELECTRIC TOOL COMPANY
     Defendant,

**FIRST COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**
**TITLE VII, and 42 U.S.C. §1981**

       COMES NOW the Plaintiff, Latasha McLaughlin by and through her counsel of record and for a cause of action would show to the Court as follows:

**I.**

<u>**PRELIMINARY STATEMENT**</u>

1.     This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended 1991 *et. seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, and hostile work environment.

2.     This action is also brought against Plaintiff's employer, Milwaukee Tool and Die and alleges discrimination in the terms and conditions of employment on the basis of retaliation based on protected activity and including but not limited to hostile work environment and retaliation.

**II.**

**JURISDICTION and VENUE**

3.   Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. This is an action authorized by and filed pursuant to 42 U.S.C. §§1981, 2000.  Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the state law claims because those claims arise out of the same facts and circumstances as the federal claims under Article III of the United States Constitution.

4.   The unlawful employment practices and other actionable conduct were and continue to be committed within the jurisdiction of the United States District Court for the Northern District of Mississippi Delta Division.  Plaintiff has filed a charge of discrimination with federal Equal Employment Opportunity office.  A true and correct copy of said charge number 490-2010-01045 is attached to this Complaint as Exhibit "A".  A Notice of Right to Sue was issued on or about April 9, 2012 and received by the Plaintiff on April 12, 2012 which is hereto attached as Exhibit "B".

5.   This action itself is timely filed.

**III.**

**PARTIES**

6.   The Plaintiff, Latasha McLaughlin is and was at all times relevant to this action a female resident of Memphis, Tennessee.

7.   Defendant, Milwaukee Electric Tool Company can be served with process by serving the Corporation   Service   Company,   at   506   South   President   Street Jackson MS 39201-530.

2

8.      The principle place of business for Milwaukee Electric Tool Company is 13135 W.

Lisbon Road, Brookfield WI 53005.


## IV.
## <u>FACTS</u>

9.      The allegations set forth in Paragraphs 1 through 8 of this Complaint are incorporated

herein by reference.

10.    Ms. McLaughlin began her career as a supervisor with the Defendant in January 2007.

Her job title was Customer Service Supervisor and her duties were to order entry

resolution and offer offline team supervision of three (3) teams.  Plaintiff had twelve

employees that reported to her and she worked in the Olive Branch Mississippi location

of the company.

11.    Plaintiff's immediate supervisor was Christine Alwardt. Alwardt was the Global

Customer Service Department Manager.  When Plaintiff started work under Alwardt

Alwardt would make comments about the black work force that the Plaintiff found

offensive.

12.    Alwardt commented on the "hip-hop" clothing of the employees and made comments

about "negroes with afros" in front of the Plaintiff and other black employees including

Nadina Edwards, Janince Williams and Natalie Hogan.

13.     Alwardt told the Plaintiff that she did not like the "tone" that black employees spoke to her and that where she was from there were no blacks and that Alwardt found it hard to "relate to blacks".

14.     Occasionally the Plaintiff was picked up at work by her adult son and Alwardt went out of her way to make sexual comments to the Plaintiff about her son and Alwardt described the Plaintiff's son as "big and fine."

15.     These comments occurred as early as 2007 and as late as the termination of the Plaintiff in March of 2010.

16.     Plaintiff was only one of two (2) African American managers at the Milwaukee Electric Tool Company. Plaintiff believes that there were approximately forty (40) African American employees in the Customer Service Department in Olive Branch.

17.     In July of 2009, the Plaintiff was moved to a different area of the customer service department with a different job functions and without any training initially for the new position.  The Plaintiff did not even have a written job description.  A number of female employees approached the Plaintiff to complain about what they believed was sexually harassing treatment from a male employee named Robert Archibald.

18.     The Plaintiff brought the employees complaints to the attention of the Human resources department of the Defendant Corporation in August of 2009.  Plaintiff does not know what type of investigation was conducted into the employee complaints. Plaintiff was not advised whether the Company substantiated the complaints against Archibald.

19.   However, after Plaintiff's turned in the employee complaints on Archibald to Human Resources, Archibald was demoted in November of 2009 but allegedly kept his pay rate. Thereafter in February 2010, on information and belief Archibald was terminated.

20.   Plaintiff as well on October 27, 2009 filed her own complaint through the internal complaint process against Alwardt based on racial discrimination and that she felt Alwardt was targeting African American employees for termination.   Plaintiff had previously complained verbally about Alwardt to Steve Nelson on October 23, 2010 and Nelson had no response or suggestions for her.

21.   Plaintiff continued in her role as Supervisor but after her protected activity of complaint against Alwardt and after bringing the complaints of the other employees to the attention of Human Resources, Plaintiff went out on leave in February of 2010.

22.   Plaintiff returned to work on March 3, 2010 which was the day after her birthday.  The employees in her department threw a birthday party for her and she worked the entire day.  At the end of the day, Christine Alwardt called her desk and advised that Steve Nelson, Director of Distribution and Logistics wanted to see her in his office.

23.   Plaintiff went to the office of Steve Nelson and she was told that she was fired for "poor interpersonal skills and ineffective management."   Plaintiff had no prior performance issues to her knowledge and was never counseled or disciplined during her employment. On information and belief, the Plaintiff contends that Alwardt recommended the Plaintiff's discharge.

24.   Plaintiff was not allowed to return to her desk to collect her personal items; she was made to leave out of a side entrance not the main entrance of the plant.  When Plaintiff was

terminated it was already dark outside and Plaintiff was made to walk nearly a block to the front the plant in the dark to retrieve her car.

25.     Plaintiff was humiliated and devastated by the hostile treatment, the conduct of Alwardt and her firing.

26.     Plaintiff went to the EEOC and filed a Charge of Discrimination on March 5, 2010 about the racial comments of Alwardt and her termination which the Plaintiff believes was based on race, and retaliation for protected activity.

27.     The EEOC issued a written determination that found that "evidence indicates there is reasonable case to believe that the allegations are true in part."  The EEOC found that the Plaintiff was subjected to racial in nature comments by supervisor Christine Alwardt and the Plaintiff was discharged in retaliation for making the protected protests.  See, Determination Letter dated September 2011 attached as Exhibit "C".

28.     Plaintiff received the Right to Sue Notice in this matter on or about April 12, 2012.

29.     This action is therefore timely filed.


**CAUSE OF ACTION:**
**COUNT ONE:**

**<u>RACE  DISCRIMINATION</u>**

30.     Plaintiff incorporates by reference all allegations contained in paragraphs 1-29 of this Complaint as though fully set forth here.

31.   Since at least 2007, Defendant has engaged in unlawful practices in violation of Title VII and these actions are in violation of the law of the state of Mississippi and of the United States.

32.   Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

33.   Since 2007 and continuing to the present the Defendants have engaged in unlawful employment practices in violation of Title VII as amended, 42 USC § 2000e-2(a), § 1981. The unlawful practices include, but are not limited to discrimination against the Plaintiff on the basis of engaging in protected activity in the form of complaining about the racially harassing treatment, the failure to provide training opportunities and ultimately terminating her employment.

34.   Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

**COUNT TWO:**

**RETAILATION**

35.   Plaintiff incorporates by reference all allegations in the preceding paragraphs of this Complaint as fully set forth here.

36.   Plaintiff after pursuing her right to engage in protected activity by filing internal complaint on behalf of other employees, and her protected activity on behalf of herself was terminated in retaliation for her conduct.

37.     Plaintiff contends that the acts as described above amount to unlawful retaliation for her protected activity of complaints of discriminatory treatment based on race in violation of Title VII of the Civil Rights Act of 1964 and in violation of 42 U.S.C. §1981.

38.     Plaintiff contends that she has been adversely affected by the decision to terminate her employment and she has tried to find other employment but remains unemployed at the time of filing the instant complaint.

**COUNT THREE:**

**<u>HOSTILE WORK ENVIRONMENT</u>**

39.   Plaintiff incorporates by reference all allegations contained in the preceding paragraphs 1-38 of this Complaint as though fully set forth here.

40.   Since at least 2010, Defendants have engaged in unlawful employment practices in violation of Title VII and 42 U.S.C. 1981.

41.   Plaintiff since her termination has been hospitalized for depression and has been under the care of physicians at the Parkwood Behavioral Health Center.

42.   As a proximate result of the conduct of the Defendants, Plaintiff has been damaged in an amount which has not yet been determined but which exceeds $75,000.00.

43.   Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

**V.**

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff having suffered damages demands the following relief against Defendants:

A.   Judgment be entered declaring that the actions of the Defendant by and through its agents, servants and employees are in violation of Title VII of the 1964 Civil Rights Act, as amended 1991 and 42 U.S.C.§1981.

B.  Injunctive relief prohibiting Defendant from further harassment and retaliation under all applicable statutes state and federal;

C.  As to the Title VII, that judgment against the Defendant for all benefits and equitable relief including back pay and benefits to which Plaintiff may be entitled including compensatory and punitive damages as may be available under said applicable statutes;

D.  As to the 42 U.S.C. §1981, that judgment against the Defendant for all benefits and equitable relief including back pay and benefits to which Plaintiff may be entitled including compensatory and punitive damages as may be available under said applicable statutes;

E.  That Plaintiff be awarded her reasonable attorney's fees together with cost and disbursements as well as prejudgment interest as provided by law;

F.  Plaintiff be awarded such other relied as the court determine is just under the law or in equity or as may be appropriate to effectuate the purposes of the statutes relied upon and;

G.  Jury trial is demanded.

RESPECTFULLY SUBMITTED,


/s/Florence Johnson
FLORENCE M. JOHNSON #15499
ATTORNEY AT LAW
11 South Idlewild Street
Memphis, Tennessee 38104
 (901) 725-7520 Telephone
 (901) 725-7570 Facsimile
fjraines@johnsonandbrownlaw.com

11